**FROM: The District Court of the 20th Judicial District.
County of Lake.**

STATE OF MONTANA,

            Plaintiff,                                          NO. DC 95-11

      vs.                                                       DECISION

Nick Lenier Wilson,

            Defendant.

On June 14, 1995, the Court ordered that the defendant be punished by confinement in the Montana State Prison for a term of fifty (50) years on Count I, with ten (10) years suspended and for a term of fifty (50) years on Count II, with ten (10) years suspended, to run concurrent with Count I, for a total of fifty (50) years in the Montana State Prison with ten (10) years suspended. Excluding the 90 days spent in jail on Justice Court charges, the defendant shall receive credit for time served. The Court further orders that the defendant is hereby designated a dangerous offender for parole eligibility purposes based on his prior record. The Court further orders that the suspended sentence shall be upon the conditions as stated in the June 14, 1995 judgment, and the court reserves the right to impose additional conditions of probation.

On February 21, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present via phone conference call from Spur TX, and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended as follows:

The defendant shall be punished by confinement in Montana State Prison for a term of fifty years on count I, with twenty (20) years suspended and for a term of fifty (50) years on Count II, with twenty (20) years suspended, to run concurrent with Count I, for a total of fifty (50) years with twenty (20) years suspended. All other conditions as stated in the June 14, 1995 judgment shall remain the same.

The reasons for the amendment are that it would bring the defendant's sentence more in line with similar sentences and more in line with the seriousness of his offense. The original sentence gave the appearance of punishing the defendant because he went to trial.

Done in open Court this 21st day of February, 1997.

DATED this 4th day of March, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Wm. Nels Swandal and Member, Hon. Richard G. Phillips.**

The Sentence Review Board wishes to thank Nick Lenier Wilson for representing himself in this matter.